DANIEL S. KODAM ESQ. (State Bar No. 190703)
KODAM & ASSOCIATES, PC
41880 Kalmia Street, Suite 130
Murrieta, California 92562
Telephone: (951) 445-4905
Facsimile: (951) 445-4906

Attorneys for Creditor:

Financial Bonanza, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT – RIVERSIDE DIVISION

| | |
|---|---|
| In Re:<br><br>Reno Fontana,<br>Laura Whittier aka Lori Whittier aka Laura Fontana aka Kings Holding aka Elvis Estate<br><br>Debtors | Case No. RS 10-46940-MJ<br><br>Chapter 13<br><br>FINANCIAL BONANZA, LLC's OBJECTION TO DEBTOR'S CHAPTER 13 PLAN<br><br>Date: December 27, 2010<br>341(a) Time: 8:00 am<br>Confirmation Time: 1:30p.m.<br>Place: Courtroom 303<br>    3420 Twelfth Street<br>    Riverside, CA 92501 |

Financial Bonanza LLC, (hereinafter "CREDITOR") hereby comes and submits this opposition to Debtor's Chapter 13 Plan.

**STATEMENT OF FACTS**

1. Creditor is a Nevada LLC in good standing that lends funds secured by property. Creditor utilizes these mortgages as a form of investment but he does not seek to do any form of joint ventureship. It is a basic mortgage situation. Creditor entered

into agreements with Debtor, LORI WHITTIER (hereinafter "WHITTIER"), for property secured by 845 W. Chino Canyon Road; Palm Springs, CA 92262 (hereinafter "SUBJECT PROPERTY"), see attached Exhibit "A".

2. After several subsequent agreements and postponements (Exhibit "B" is the Amendment to the Finance Agreement and Exhibit "C" is the postponement Agreement), Debtor subsequently defaulted for good on the terms of the agreements in August 2008.

3. Debtor Whittier proceeded by and through herself or her corporate alter ego, Kings Holding Debtor's shareholder, Whittier, proceeded to then stall and delay the foreclosure and eviction proceedings against themselves. Specifically, Whittier filed two unsuccessful Chapter 13s in 2008 and another unsuccessful Chapter 11 by and through her corporation in 2009. These were all delay tactics to try to save their interest in the Subject Property, similar to the case in this manner. This court should note that another Chapter 13 was filed and dismissed by both debtors in 2005 which Creditor believes was also a delay tactic by Debtors for when they were in financial problems with the prior lender on the subject property.

4. After the court in the Chapter 11 case finally dismissed the case with a 180 day bar for filing on April 29, 2010, Creditor successfully and legally foreclosed on Debtors and obtained an unlawful detainer judgment with a writ for possession that was to be executed shortly after the filing date in question.

5. During the time between the Chapter 11 filing and this Chapter 13 filing, Debtors continued to do further delay tactics by unsuccessful filing a complaint in Federal Court and being denied a restraining order. Debtors also unsuccessfully tried to challenge the unlawful detainer and have now even filed post-bankruptcy an untimely appeal of said judgment. Debtors also filed a State court complaint in Riverside Superior Court and attempted on three occasions to stop the eviction. The Court granted a temporary restraining order subject to providing a bond for $150,000 and $7,500 per month in reasonable rent by November 15, 2010, see attached Exhibit "D". Debtors failed to do so and subsequently went to file this bankruptcy as another delay tactic, see attached Exhibit "E".

## OBJECTION TO CHAPTER 13 PLAN

6. Debtor's plan is inadequate and fails to properly protect Creditor's interest. Creditor is entitled to fair, reasonable rent for this combination commercial/residential property, which the Superior Court calculated to be $7,500. Debtor's income does not even rise to this level. Notwithstanding, this sum fails to even pay the bare minimum required to cover the notes on the subject property, which Creditor has ownership in and Debtors currently unlawfully reside in. The monthly expenses alone are about $15,000 per month.

7. Additionally, Debtor's plan fails to comply with the limits of 109(e) as Debtors owe over $1,406,699.09, see attached exhibit "F", just on the obligation on the

first on the subject property. This sum is due and owing under the deficiency provisions of the Agreement with Creditor.

## CONCLUSION

It is clear that the sole purpose of debtors in all the bankruptcy filings is to harass, hinder and delay Creditor's legal rights. This Chapter 13 plan fails on numerous levels and cannot be rectified by Debtors own schedules. This Court should dismiss this bankruptcy forthwith with a bar against refilling.

**We implore the court to dismiss Debtor's case and stop the delay tactics.**

Dated: December 16, 2010               KODAM & ASSOCIATES, PC

                                       By: /s/
                                       DANIEL S. KODAM, ESQ.
                                       Attorney for Creditor

```
1   DANIEL S. KODAM ESQ. (State Bar No. 190703)
    KODAM & ASSOCIATES, PC
2   41880 Kalmia Street, Suite 130
    Murrieta, California 92562
3   Telephone: (951) 445-4905
    Facsimile: (951) 445-4906
4
    Attorneys for Creditor:
5
    Financial Bonanza, LLC
6
7                UNITED STATES BANKRUPTCY COURT
8
                 CENTRAL DISTRICT – RIVERSIDE DIVISION
9
10
11  In Re:                              )  Case No. RS 10-46940-MJ
                                        )
12  Reno Fontana,                       )  Chapter 13
    Laura Whittier aka Lori Whittier aka)
13  Laura Fontana aka Kings Holding aka )  DECLARATION OF DANIEL KODAM
    Elvis Estate                        )  ON BEHALF OF FINANCIAL
14                                      )  BONANZA'S OBJECTION TO
    Debtors                             )  CONFIRMATION OF DEBTORS'
15                                      )  CHAPTER 13 PLAN
16  _____)
                                        )  Date: December 27, 2010
17                                      )  341(a) Time: 8:00 am
                                           Confirmation Time: 1:30p.m.
18                                         Place: Courtroom 303
                                               3420 Twelfth Street
19                                             Riverside, CA 92501

20  I, Daniel Kodam, declare as follows:

21      1.   I am the attorney for Creditor Financial Bonanza LLC ("Creditor") to this
22
    action. I have personal knowledge of the following facts and could and would
23
24  competently testify thereto under oath if called as witness in this matter. I submit this

25  declaration in support of Creditor Financial Bonanza LLC's Opposition to the Debtor's
26
    Confirmation of Chapter 13 plan.
27
28
```

2. I have attached as Exhibit A to this objection to confirmation of Debtors' Chapter 13 plan a true and correct copy of the initial Financing Agreement between Creditor and Debtors.

3. I have attached as Exhibit B to this objection to confirmation of Debtors' Chapter 13 plan a true and correct copy of the Amendment to the Financing Agreement between Creditor and Debtors.

4. I have attached as Exhibit C to this objection to confirmation of Debtors' Chapter 13 plan a true and correct copy of the Postponement Agreement between Creditor and Debtors.

5. I have attached as Exhibit D to this objection to confirmation of Debtors' Chapter 13 plan a true and correct copy of the Court Order on November 2, 2010 in Superior Court of Riverside Case Number INC10009167 establishing the requirements for $150,000 bond and $7,500 in monthly rent by November 15, 2010.

6. I have attached as Exhibit E to this objection to confirmation of Debtors' Chapter 13 plan a true and correct copy of the Court Order on November 24, 2010 in Superior Court of Riverside Case Number INC10009167 establishing the Debtors failure to fulfill these requirements and lifting the restraining order.

7. I have attached as Exhibit F to this objection to confirmation of Debtors' Chapter 13 plan a true and correct copy of the payoff demand for the subject property dated November 15, 2010 showing the sum owed is $1,406,699.09 as of said date.

1  I declare under penalty of perjury under the laws of the United States of America
2  and State of California that the foregoing is true and correct and that this declaration was
3  duly executed and signed this 17th day of December 2010, at Murrieta, California.

_____

Daniel Kodam, Esq.

| In re: | Reno D Fontana | | CHAPTER: 13 |
| | Laura Ann Whittier | | |
| | | Debtor(s). | CASE NUMBER: 6:10-bk-46940-MJ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
41880 Kalmia Street, Ste 130, Murrieta, CA 92562

A true and correct copy of the foregoing document described as **FINANCIAL BONANZA, LLC'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _12/21/10_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

attyphillipevans@gmail.com
notice-efile@rodan13.com
ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _12/21/10_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Via U.S. Mail:
    Debtors: Laura Ann Whittier & Reno D Fontana
    POB 3176
    Palm Springs, CA 92262

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/21/10 | Michelle Mosqueda | _signature_ |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009    F 9013-3.1

| In re: Reno D Fontana<br>Laura Ann Whittier<br><br>Debtor(s). | CHAPTER: 13<br>CASE NUMBER: 6:10-bk-46940-MJ |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

Debtor's attorney:

Phillip K Evans
Law Office of Phillip K Evans
31772 Casino Dr. Ste A
Lake Elsinore, CA 92530


Chapter 13 Trustee:

Rod Danielson
4361 Latham Street, Suite 270
Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1